Filed
D.C. Superior Court
07/08/2022 06:80AM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| TAMIRA SANNI-SANOUSSI<br>3355 16th Street, NW, #512<br>Washington, DC 20010<br>   *Plaintiff,*<br><br>V.<br><br>WASHINGTON METROPOLITAN<br>   AREA TRANSIT AUTHORITY<br>600 5th Street, NW<br>Washington, DC 20001<br><br>Serve: Patricia Lee, Esq.<br>General Counsel<br><br>   *Defendant.* | )<br>)<br>)<br>)<br>)<br>)   Case No.  2022 CA 002918 V<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**
(Negligence)

**Jurisdiction and Parties**

1.  This court has jurisdiction over the subject matter of this lawsuit pursuant to D.C. Code sec 9-1107.10 in that the Washington Metropolitan Area Transit Authority ("WMATA") is a defendant and D.C. Code sec. 11-921 in that the accident complained of occurred in the District of Columbia.

2.  Plaintiff is a natural person and is a resident of Washington, DC. Plaintiff is and was at the time of the incident referenced in this Complaint mobility impaired.

3.  Defendant is a compact agency created under the Compact Clause of the United States Constitution entered into between the District of Columbia, the State of Maryland and the Commonwealth of Virginia with the consent of the United States Congress for the purpose *inter*

1

*alia* of creating a regional instrumentality to operate a transportation system in the Washington, DC metropolitan area.

4. Metro Access is a shared-ride, door-to-door, paratransit service for people whose disability prevents them from using bus or rail. Metro Access is operated and managed by defendant WMATA in compliance with the Americans with Disabilities Act, 42 U.S.C. sec. 12101 et seq. WMATA owns the Metro Access vehicles it provides for paratransit service.

### Factual Allegations

5. On or about July 5, 2019 at approximately 3:30 p.m., plaintiff was a passenger in a Metro Access vehicle stopped in the 3300 block of 16th Street, NW, in the District of Columbia.

6. At that time and place, plaintiff attempted to exit the Metro Access vehicle using a mechanical lift on the Metro Access vehicle designed for that purpose and operated by the driver of the Metro Access vehicle.

7. On information and belief, the driver of the Metro Access vehicle was an employee of defendant acting within the scope of his employment.

8. In the alternative, on information and belief, the driver of the Metro Access vehicle was an employee of an agent of defendant whose actions are attributable to defendant and was at all relevant times acting within the scope of the agency.

9. The Metro Access driver negligently operated the mechanical lift, causing plaintiff to fall.

10. As a proximate cause of the subject fall, plaintiff sustained serious personal injury, has incurred substantial medical expenses, and has endured great pain and suffering.

### COUNT ONE

### (Negligent Operation of Lift)

11. Plaintiff hereby incorporates paragraphs 1 through 10, *supra*, by reference.

12. Defendant owed a duty of care to plaintiff to operate the lift or to cause the lift to be operated by its employees and agents in a non-negligent manner.

13. Defendant breached its duty of care owed to plaintiff when the driver of the Metro Access vehicle negligently operated the lift, thereby causing plaintiff to fall.

14. As a proximate cause of the aforesaid negligent acts, plaintiff sustained severe permanent personal injuries, medical expenses, and has endured great pain and suffering, which continues to the present.

### COUNT TWO

### (Failure to Inspect and Maintain)

15. Plaintiff hereby incorporates paragraphs 1 through 10, *supra*, by reference.

16. Defendant and its agents owed a duty of care to plaintiff to inspect and maintain the Metro Access vehicle, including the lift, in a safe condition so that passengers such as plaintiff are not injured.

17. Defendant and its agents breached its duty of care owed to plaintiff when it permitted the Metro Access vehicle to be placed in service, to accept plaintiff as a passenger, and to allow plaintiff to use the lift when the lift was in an unsafe condition, resulting in plaintiff's fall.

18. As a proximate cause of the aforesaid negligence, plaintiff sustained severe permanent personal injuries, medical expenses, and has endured great pain and suffering, which continue to the present.

### (Negligent Operation of Lift)

11.  Plaintiff hereby incorporates paragraphs 1 through 10, *supra*, by reference.

12.  Defendant owed a duty of care to plaintiff to operate the lift or to cause the lift to be operated by its employees and agents in a non-negligent manner.

13.  Defendant breached its duty of care owed to plaintiff when the driver of the Metro Access vehicle negligently operated the lift, thereby causing plaintiff to fall.

14. As a proximate cause of the aforesaid negligent acts, plaintiff sustained severe permanent personal injuries, medical expenses, and has endured great pain and suffering, which continues to the present.

## COUNT TWO

### (Failure to Inspect and Maintain)

15.  Plaintiff hereby incorporates paragraphs 1 through 10, *supra*, by reference.

16.  Defendant and its agents owed a duty of care to plaintiff to inspect and maintain the Metro Access vehicle, including the lift, in a safe condition so that passengers such as plaintiff are not injured.

17.  Defendant and its agents breached its duty of care owed to plaintiff when it permitted the Metro Access vehicle to be placed in service, to accept plaintiff as a passenger, and to allow plaintiff to use the lift when the lift was in an unsafe condition, resulting in plaintiff's fall.

18. As a proximate cause of the aforesaid negligence, plaintiff sustained severe permanent personal injuries, medical expenses, and has endured great pain and suffering, which continue to the present.

**WHEREFORE**, the plaintiff prays for judgment against defendant, in the amount of $250,000.00 (Two Hundred and Fifty Thousand Dollars), plus costs and any other relief permitted by law and deemed appropriate by the court.

/s/ *Vincent A. Jankoski* #964908
14717 Harvest Lane
Silver Spring, MD  20905
(301) 312-3441
vincejankoski@gmail.com

/s/ *Zeke J. Roeser* #977457
3000 Connecticut Avenue, NW, #140
Washington, DC 20008
(202) 660-4070
zeke@zjrlawfirm.com

*Plaintiff's Counsel*

## JURY DEMAND

Plaintiff hereby demands trial by jury.

/s/ *Vincent A. Jankoski*